## ELIZABETH BODDY v. NORTHWESTERN REALTY COMPANY.[1]

January 25, 1918.

No. 20,695.

**Work and labor — question for jury.**

A janitor's wife, while her husband was unable to perform his duties because of a broken leg, did his work for 3 or 4 months with the aid of a boy. The janitor was paid his usual wages for the full time. Subsequently the wife brought this action to recover the reasonable value of her services. *Held*: The court did not err in leaving it to the jury to determine whether plaintiff did the work with the intention of fulfilling her husband's contract or under circumstances which justified an expectation on her part of compensation from defendant. [Reporter.]

Action in the municipal court of Minneapolis to recover $145 for work and labor. The answer was a general denial. The case was tried before Montgomery, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for defendant. From an order denying her motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*A. C. Middelstadt*, for appellant.
*Koon, Whelan & Hempstead*, for respondent.

PER CURIAM.

For several years James M. Boddy was the janitor of an apartment building belonging to defendants and resided in one of the flats of the building with plaintiff, his wife. In March, 1916, he broke his leg and was unable

[1]Reported in 166 N. W. 124.

to perform his duties for 3 or 4 months, and during this period his wife, the plaintiff, did his work with the assistance of a boy. Neither Boddy nor plaintiff notified defendant of the accident or that she was doing the janitor work. A week or two after the accident, defendant's agent learned of it and also learned that plaintiff was doing the work, but nothing was ever said by either plaintiff or the agent concerning her employment or compensation or for whom she was acting. During the entire time that she performed these services defendant paid Boddy his regular salary as janitor each month. After Boddy had recovered, he engaged as janitor of another apartment building belonging to other parties and he and plaintiff removed to that building. Thereafter plaintiff brought this action to recover the reasonable value of her services during the period that her husband was incapacitated. The court left it for the jury to determine whether she performed her services with the intention of taking the place of her husband and performing his contract of hiring for him, or whether she performed them under circumstances which justified an expectation of compensation from defendant. The jury returned a verdict for defendant. We find no error in the rulings or in the charge, and the evidence amply supports the verdict.

Order affirmed.